UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEDD DETERMAN,<br><br>                            Plaintiff,<br><br>        v.<br><br>HAL NEDERLAND N.V., a Curacao<br>corporation; HOLLAND AMERICA LINE<br>N.V., a Curacao corporation; HOLLAND<br>AMERICA LINE – USA INC., a Washington<br>corporation; HOLLAND AMERICA LINE<br>INC., a Washington corporation; STEINER<br>TRANSOCEAN LIMITED;<br>STEINER LEISURE LIMITED;<br>STEINER TRANSOCEAN U.S., INC.; and<br>XYZ CORPORATION,<br><br>                            Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff TEDD DETERMAN, by and through his attorneys, Diamond Massong, PLLC and Lipcon, Margulies, Alsina & Winkleman, P.A., and states as follows:

## I.        JURISDICTION

A.        This is an action by a cruise ship passenger against the owners, operators and agents of a cruise ship passenger vessel, the M/S MAASDAM, for injuries sustained during a cruise originating in Civitavecchia, Italy and traveling to ports of call in Florida.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 1 OF 7

B.     Plaintiff and defendants are all citizens of different states and/or countries, and the amount in controversy, exclusive of fees and costs, exceeds the sum specified by 28 U.S.C. § 1332.

C.     Jurisdiction also exists under the "Cruise Contract" issued by defendants to Plaintiff, which mandates that cruise ship passenger lawsuits be filed in the United States District Court located in Seattle, Washington.

D.     Plaintiff's claims arise under the general maritime law of the United States.

## II.     VENUE

Defendants do business in the State of Washington and issued the "Cruise Contract" booking passage for Plaintiff TEDD DETERMAN on the M/S MAASDAM from defendants' offices in Seattle, Washington, situated in the Western District of Washington.  Venue lies pursuant to the terms of the "Cruise Contract."

## III.     JURY DEMAND

Plaintiff respectfully asks for a jury trial pursuant to Fed. R. Civ. P. 38.

## IV.     PARTIES

A.     At all times material, Plaintiff TEDD DETERMAN was a fare-paying passengers on the vessel M/S MAASDAM and a resident of the state of Illinois.

B.     At all times material, defendant HAL NEDERLAND N.V., a Curacao corporation, was and is the owner of the M/S MAASDAM.

C.     At all times material, defendant HOLLAND AMERICA LINE N.V., a Curacao corporation, was and is the charterer of the M/S MAASDAM.

D.     At all times material, defendant HOLLAND AMERICA LINE – USA INC., a Washington corporation, was and is the operator of the M/S MAASDAM.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2 OF 7

E.      At all times material, defendant HOLLAND AMERICA LINE, a Washington corporation, was and is the owner/operator/charterer of the M/S MAASDAM.

F.      At all times material, defendant STEINER TRANSOCEAN LIMITED was and is a corporation organized under the laws of the Bahamas.

G.      At all times material, defendant STEINER LEISURE LIMITED was and is a corporation organized under the laws of the Bahamas.

H.      At all times material, defendant STEINER TRANSOCEAN U.S. INC. was and is a corporation organized under the laws of Florida.

I.      Defendant XYZ CORPORATION is included in an abundance of caution in the event that discovery reveals that another entity, whose name is not yet known to the Plaintiff, owns, manages, or operates the vessel, M/S MAASDAM, or the spa and/or amenities aboard the vessel wherein Plaintiff was injured.

I.      STEINER TRANSOCEAN LIMITED, STEINER LEISURE LIMITED, and STEINER TRANSOCEAN U.S. INC., collectively referred to as "STEINER", owned, operated, managed, maintained and/or controlled and/or were demise charterers of sections of the vessel M/S MAASDAM.  HOLLAND AMERICA LINE, HOLLAND AMERICA LINE – USA INC., HOLLAND AMERICA LINE N.V., HAL NEDERLAND N.V., collectively referred to as "HAL" and together owned, operated, managed, maintained and/or controlled the vessel M/S MAASDAM and the spa/amenities therein.

J.      At all times material, HAL, STEINER, and XYZ CORPORATION were each agents, servants, employees, and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture to provide vacation cruises and spa services.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3 OF 7

DiamondMassong, PLLC
1411 Fourth Avenue, Suite 765
Seattle, WA 98101
206.445.1258 Phone 206.445.1257 Fax

K.     At all times material, HAL, STEINER, and XYZ CORPORATION acted through their agents, servants, employees, and/or representatives, who in turn acted within the scope of their employment and/or agency.

## V.     LIABILITY

A.     On or about November 20, 2013, the vessel was at sea in navigable waters.[1] Plaintiff was injured when he received a massage at the spa aboard the M/S MAASDAM. The spa aboard the vessel was owned, operated, managed, maintained and/or controlled by HAL, STEINER, and XYZ CORPORATION, which were promoting and providing spa treatments to passengers, including Plaintiff.

B.     It was the duty of HAL, STEINER, and XYZ CORPORATION to provide Plaintiff with reasonable care under the circumstances and, on or about November 20, 2013, HAL, STEINER, and XYZ CORPORATION breached this duty.

D.     Plaintiff was injured due to the fault and/or negligence of HAL, STEINER, and XYZ CORPORATION in one or more of the following respects:

1.     Failing to provide a reasonably safe massage;

2.     Failing to train crewmembers in the proper technique of massage so as to prevent injuries;

3.     Failing to hire adequately trained crewmembers to administer massages to passengers;

---

[1] If the court finds that diversity does not exist in this matter, in the alternative this action could be brought under the court's admiralty jurisdiction.

COMPLAINT AND DEMAND FOR JURY TRIAL  - 4 OF 7

DIAMONDMASSONG, PLLC
1411 FOURTH AVENUE, SUITE 765
Seattle, WA 98101
206.445.1258 Phone 206.445.1257 Fax

4.     Failing to promulgate and/or enforce adequate policies and/or procedures to ensure that massages administered to passengers would be reasonably safe and/or not cause injury to passengers, such as Plaintiff;

6.     Negligently massaging passengers;

7.     Using unreasonable force while administering a massage to Plaintiff;

8.     Recognizing the discomfort and pain the improper massage was causing Plaintiff, yet failing to stop and/or adjust technique so as to prevent injury to Plaintiff;

9.     Failing to warn passengers, including Plaintiff, of the dangers posed by the massages offered by defendants;

10.    Failing to adhere to the accepted standards of massage practice and instead administering a massage that was painful and dangerous, ultimately causing Plaintiff severe injury;

11.    Failing to ascertain whether the techniques used by crewmembers to massage passengers such as the Plaintiff were safe, effective, and/or generally accepted as a reasonably safe modality;

12.    Failing to provide safe amenities to passengers;

13.    Failing to warn of risks associated with massage;

14.    Failing to properly train crew with regarding to warning passengers of the above stated dangers;

15.    Failing to properly supervise crew with regard to the provision of massages to passengers;

16.    Failing to promulgate and/or enforce adequate policies and/or

COMPLAINT AND DEMAND FOR JURY TRIAL - 5 OF 7

DIAMONDMASSONG, PLLC
1411 FOURTH AVENUE, SUITE 765
Seattle, WA 98101
206.445.1258 Phone 206.445.1257 Fax

procedures with regard to the administration go massages;

17.     Failing to monitor crewmembers administering massages so as to ensure those crewmembers were using reasonably safe and/or proper techniques.

E.     At all times material, HAL, STEINER, and XYZ CORPORATION had exclusive custody and control of the vessel and spa aboard the vessel.

F.     At all times material, HAL, STEINER, and XYZ CORPORATION negligently failed to determine the hazards on the vessel and at the spa aboard the vessel, failed to eliminate the hazards, failed to modify the hazards, and failed to properly warn Plaintiff of the hazards.

F.     HAL, STEINER, and XYZ CORPORATION knew of the foregoing conditions causing Plaintiff's incident and injuries, yet did not correct them, or the conditions existed for a sufficient length of time so that HAL, STEINER, and XYZ CORPORATION in the exercise of reasonable care should have learned of them and corrected them.

## VI.     INJURIES

As a direct and proximate result of defendants' negligence, Plaintiff's body was manipulated and contorted, causing Plaintiff to sustain multiple severe injuries, including, but not limited to, a tear in his hip, lower back injuries, and radiculopathy necessitating surgical correction.  Plaintiff did thereby sustain extensive and permanent damages, which shall be proved at the time of trial.

## VII.     DAMAGES

A.     As a direct and proximate result of defendants' negligence, Plaintiff sustained conscious physical and mental pain and anguish, disability and loss of enjoyment of life. Plaintiff was forced to undergo surgical treatment to alleviate some of this pain.  Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 6 OF 7

DIAMONDMASSONG, PLLC
1411 FOURTH AVENUE, SUITE 765
Seattle, WA 98101
206.445.1258 Phone 206.445.1257 Fax

hereby makes claim for pain, suffering, anguish, disability, physical impairment, loss of enjoyment of life, lost wages past, present, and future, and lost wage earning capacity.

E.      As a direct and proximate result of defendants' negligence, Plaintiff lost the benefit of his vacation, cruise and transportation costs.

WHEREFORE, Plaintiff prays for damages to be awarded against defendants, jointly and severally, in an amount to be determined by the presentation of evidence at the time of trial to a jury, together with prejudgment interest, taxable costs, and such other and further relief as the court deems just and proper.

DATED this _____ day of November, 2014.

DIAMONDMASSONG, PLLC

By _____
      Maria S. Diamond, WSBA #13472
      Attorney for Plaintiff

      And

      Jason Margulies, FL Bar No. 57916
      Michael Winkleman, FL Bar No. 36719
      Lipcon, Margulies, Alsina & Winkleman, P.A.
      One Biscayne Tower, Suite 1776
      Two South Biscayne Boulevard
      Miami, FL
      305.373.3016 (T)
      305.373.6204 (F)

      *Pro Hac Vice* Application Pending
      Attorneys for Plaintiff

DIAMONDMASSONG, PLLC
1411 FOURTH AVENUE, SUITE 765
Seattle, WA 98101
206.445.1258 Phone 206.445.1257 Fax